**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AKHIL BANSAL** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MICROSOFT HOTMAIL** | : | **No. 06-4029** |

## ORDER

_____AND NOW, this 2nd day of November, 2007, it appearing that:

a. Plaintiff's complaint was filed on September 11, 2006, and was assigned to the calendar of The Honorable Jan E. DuBois.  Attached to plaintiff's complaint was an "Affidavit accompanying Motion for Permission to Appeal In Forma Pauperis," which was never filed of record.[1]

b. By Order of September 19, 2006, filed September 20, 2006, and entered on the docket September 21, 2006, plaintiff's motion, considered a motion to proceed _in forma pauperis_ in this court, was denied.

c. Plaintiff filed a "Motion to Request Reconsideration of Motion to Proceed In Forma Pauperis," on September 25, 2006.  By Order of September 28, 2006, filed September 29, 2006, and entered on the docket October 2, 2006, Judge DuBois granted plaintiff's motion for reconsideration, and granted plaintiff leave to "proceed in forma pauperis **on appeal pursuant to 28 U.S.C. § 1915(a)_.__"_**  (Emphasis added.)

d. There is no appeal pending.

e. Plaintiff submitted a "Motion to Request Officers of the Court to Issue and Serve all Process of Plantiff's [sic] Civil Action," dated September 6, 2006, which was never entered on the docket.

f. Plaintiff submitted a "Motion to Request Non-Assignment of Instant Civil Action to District Judge who Presided in Plantiff's [sic] Criminal Case, " September 6, 2006, which was never entered on the docket.

---

[1]Plaintiff used a form specified for appeals, not the one required by the Eastern District of Pennsylvania.  See United States District Court for the Eastern District of Pennsylvania, Local Civil Rules, Appendix 6.  Notwithstanding this procedural defect, plaintiff has provided sufficient information with respect to his assets, which are minimal, to justify his request to proceed in forma pauperis.

g.  Plaintiff has filed a "Motion to Request an Extension of Time for Service of Process," seeking an order directing the United States Marshal to effect "an expedited service of process."

h.  Plaintiff has filed a "Motion for a Writ of Mandamus, seeking an order directing the United States Marshal to effect service of process.

i.  Plaintiff's complaint alleges civil violations of two federal statutes, the Stored Communications Act, 18 U.S.C. § 2701 et. seq.  (the "SCA"); and Section 2511 of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2520 (the "Crime Control Act"), which prohibits, in relevant part, any person from willfully intercepting a wire communication. Neither claim has merit.

j.  The SCA excepts from its terms any "entity providing a wire or electronic communications service."  18 U.S.C. § 2701(c)(1).  The Third Circuit has interpreted this exception broadly, reading section "2701(c) literally to except . . . all searches by communications service providers." Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 115 (3d Cir. 2003).  Microsoft Hotmail is a communications service provider. Accordingly, plaintiff has not and can not state a cognizable claim against Microsoft Hotmail for violation of the SCA.

k.  Although Microsoft Hotmail's exemption from the SCA is dispositive of the issue, it has an additional complete defense against plaintiff's claims under the SCA.  Microsoft Hotmail divulged the information at the heart of this lawsuit pursuant to a court order arising from plaintiff's criminal prosecution.  The SCA provides that good faith compliance with a court order or subpoena is an absolute defense from its terms.  18 U.S.C. § 2707(e).  Plaintiff does not allege that defendant's mistaken disclosure of emails outside the scope of subpoena was performed in bad faith.  Accordingly, Microsoft Hotmail has a complete defense against plaintiff's claims under the SCA.

l.  Like the SCA, the Crime Control Act provides a statutory exemption from liability for a person acting pursuant to court order.  18 U.S.C. § 2511(2)(a)(ii).  Section 2520, which authorizes civil damages under the Crime Control Act, provides a complete defense for any party acting in "good faith reliance on a court warrant or order."  18 U.S.C. § 2520(d)(1).  Defendant provided the e-mails that are the subject of this suit pursuant to a court order.  Plaintiff does not allege bad faith.  Accordingly, plaintiff fails to state a claim against Microsoft Hotmail.

It is therefore **ORDERED** that:

1.  The Order of September 29, 2006 (paper no. 5), is **VACATED**.

2.  Plaintiff's motion for reconsideration (paper no. 3) of the court's Order of September 19,

2006, is **GRANTED**, subject to the provisions of 28 U.S.C. §1915(b).

    3.   Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

    4.   Plaintiff's claim pursuant to the SCA is **DISMISSED AS FRIVOLOUS WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

    5.   Plaintiff's claim pursuant to the Crime Control Act is **DISMISSED AS FRIVOLOUS WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

    6.  To the extent that plaintiff states any state law causes of action over which this court could exercise supplemental jurisdiction, those claims are **DISMISSED** pursuant to 28 U.S.C. § 1367(c).

    7.  All other motions are **DENIED** as moot.

 

                         /s/ Norma L. Shapiro
                                        S.J.